IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SOCIAL POSITIONING INPUT SYSTEMS, LLC, § § § Plaintiff, § § vs. § § VALVE CORPORATION, § GEARBOX SOFTWARE, L.L.C., § § Defendants. § § | Case No: 2:23-cv-422 PATENT CASE JURY TRIAL DEMANDED |

## FIRST AMENDED COMPLAINT

Plaintiff Social Positioning Input Systems, LLC ("Plaintiff" and/or "SPIS") files this Complaint for infringement of United States Patent No. 9,261,365 (hereinafter "the '365 Patent").

## PARTIES

1. Plaintiff is a Wyoming limited liability company having an address at 1 East Broward Boulevard, Suite 700, Ft. Lauderdale, FL 33301.

2. Defendant Valve Corporation is a corporation organized and existing under the laws of the State of Washington with a principal place of business located at 10900 NE 4th St., Ste. 500, Bellevue, WA 98004. Defendant can be served via its registered agent for service of process: Corpserve Inc., 1001 4th Ave., Ste. 4500, Seattle, WA 98154.

3. Defendant Gearbox Software, L.L.C. has a principal place of business located at 5757 Main St., Suite 500, Frisco, Texas, 75034, which is located in this District. Gearbox Software, L.L.C. and Valve Corporation are collectively referred to herein as "Defendant."

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, 35 U.S.C. § 271, et seq. Plaintiff is seeking damages for patent infringement.



*Figure 1* – *Valve's Steam has Gearbox's Borderlands 2 VR available on its platform. See https://www.gearboxsoftware.com/press_release/borderlands-2-vr-is-now-available-on-steam/, as last visited on September 17, 2023.*

5. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents).

> 2K and Gearbox Software today announced that **Borderlands® 2 VR** is now available on Steam, making the immersive virtual reality version of the critically-acclaimed shooter-looter available to an even wider audience of VR fans. Officially supported headsets include the HTC Vive, Oculus Rift, and Oculus Rift S.

*Figure 2* – *"Valve's HTC Vive headsets" are promoted by Gearbox Software game lineup, including the Borderlands 2 VR in an infringing manner as described by Gearbox on its website at https://www.gearboxsoftware.com/press_release/borderlands-2-vr-is-now-available-on-steam/as last visited on September 17, 2023.*

6. This Court has personal jurisdiction over Defendant. Defendant has continuous and systematic business contacts with the State of Texas. Defendant transacts business within this District and elsewhere in the State of Texas and has appointed an agent for service of process in Texas. Further, this Court has personal jurisdiction over Defendant based on its commission of one or more acts of infringement in this District and in the State of Texas.



*Figure 3* – *Valve Corporation USB receiver for a Valve Game Controller.*

7. Defendant directly conducts business extensively throughout the State of Texas, by distributing, making, using, offering for sale, selling, and advertising its services in the State of Texas and in this District. Valve Corporation has corroborated with Frisco based Gearbox Software, L.L.C. for years starting with Half-Life and Counter-Strike video game offerings, that have continuations of these popular offerings available through present day, including Borderlands 2 VR. Defendant has purposefully and voluntarily made its business services, including the infringing systems and services, available to residents of this District and into the stream of commerce with expectation and intention that they will be purchased and/or used by consumers in this District as listed below.

- Valve Corporation was an Active Texas Franchise Tax Account with Texas Taxpayer Number 32072215380.

| VALVE CORPORATION | |
|---|---|
| Texas Taxpayer Number | 32072215380 |
| Mailing Address | 10400 NE 4TH ST STE 1400 BELLEVUE, WA 98004-5212 |
| ❓ Right to Transact Business in Texas | ACTIVE |

*Figure 4* - Screenshot of Valve Corporation's Texas Franchise Tax Account Status as visited on August 22, 2023.

- Valve has consented to patent infringement litigation in the past in this district. Indeed, Valve has even intervened in an on-going patent infringement case here in the Eastern District of Texas on behalf of one of its developers, Activision Blizzard, Inc. "Valve, for the purposes of this litigation only, **consents to venue in this district**, . . ." *Uniloc v. Activision Blizzard, Inc.*, Case 6:13-cv-00256-LED, Dkt. No. 154-1 (E.D. Tex. Jan. 6, 2014).

- Valve has previously admitted that venue was proper in this district. "Valve does not dispute, for the purposes of this action only, that **venue is proper in this judicial district**, [The Eastern District of Texas] . . ." *Display Technologies, LLC v. Nvida Corp. (Valve Corp. consolidated)*, Case 2:15-cv-00998-JRG-RSP, Dkt. No. 41 (E.D. Tex. Oct. 28, 2015) [Valve Corp. Answer to Patent Infringement Complaint at ¶4].

- Valve sells its Gift Cards in this District through prominent brick and mortar retailers including Best Buy, GameStop and Walmart.

  

*Figure 5* – Screenshot of Valve Gift Cards obtained by clicking on Best Buy, a result from a search of "Valve gift cards are sold where?" as conducted on September 14, 2023.

- Upon information and belief, Valve Corp. has at least 5 (five) employees that reside in the state, who have relevant information related to this patent infringement lawsuit, including:
    o Valve Corporation employee - Mitchell Ludolf
        ▪ https://www.linkedin.com/in/mitchell-ludolf-90b634212/,
        ▪ Customer Service Representative.
    o Valve Corporation employee - Brandon Reinhart
        ▪ https://www.linkedin.com/in/brandon-reinhart-a26ab8260/

- o Valve Corporation employee - Helen Pope
    - https://www.linkedin.com/in/helen-pope-3a17111b0/
    - Senior Software Engineer / Augmented Reality at Valve corporation
- o Valve Corporation employee - Timothee Yeramian
    - https://www.linkedin.com/in/timothee-yeramian-08433220/
- o Valve Corporation employee - Jenny Jacobi
    - https://www.linkedin.com/in/jennyjacobi/

-



*Figure 6* – *Valve Corporation developer community screenshot listing Frisco based Gearbox Software, L.L.C. at https://developer.valvesoftware.com/wiki/Gearbox_Software as last visited on September 14, 2023.*

8. Venue is proper in this District as to Defendant pursuant to at least 28 U.S.C. §§ 1391(c)(2) and 1400(b). As noted above, Defendant maintains a regular and established business presence in this District.

**PATENT-IN-SUIT**

8. Plaintiff is the sole and exclusive owner, by assignment, of U.S. Patent No. 9,261,365 (hereinafter "the SPIS Patent" or "the '365 Patent"). The '365 Patent is attached as Exhibit B.

9. The SPIS Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code. It is anticipated to not expire until April 28, 2026.

10. The priority date of the SPIS Patent is at least as early April 28, 2006. As of the priority date, the inventions as claimed were novel, non-obvious, unconventional, and non-routine.

11. Plaintiff alleges infringement on the part of Defendant of the SPIS Patent.

12. The '365 Patent relates generally to devices, systems and methods for remotely entering, storing and sharing location addresses for a positional information device, e.g., a global positioning system (GPS) device. The devices, systems and methods of the '365 Patent allow a user to easily and safely enter an address into a GPS device by giving that address to a remote communications link and to have that link automatically program the user's GPS device for usage. The devices, systems and methods of the '365 Patent further allow the user to use this stored address(es) on multiple GPS devices without having to manually enter the address(es). *See* Abstract, '365 Patent.

13. As noted, the claims of the SPIS Patent have priority to at least April 28, 2006. The deficiencies in the state of the art as of the Date of Invention were highly problematic. At that time, programming addresses (e.g., destination information) into a GPS device was problematic. The first problem is that different devices recognize addresses differently depending on the preprogrammed information that has been stored. Additionally, different devices have different user interfaces and program differently. If a user knew how to program one device, he may not necessarily know how to program another unit. A second problem in the state of the art as of the Date of Invention is that many users have multiple vehicles that go to the same address and require route guidance by the GPS device. The current systems would require the user to enter the requested address (e.g., destination

information) or multiple addresses into all vehicle units individually. This is an unnecessary waste of time. A third problem in the state of the art as of the Date of Invention is that many times a user needs to route to an address or destination while the user is driving. It may be an address that the user does not even have a correct city designation for. The GPS devices as of the Date of Invention made it extremely difficult or impossible for a user to program the device for an address while driving. In fact, for reasons of safety, some GPS devices discourage or lock out users from address entry while the vehicle is being operated. However, a definite need exists for a user to quickly program the GPS device to a desired address. *See* '365 Patent at 1:54-2:42.

14. The claims of the SPIS Patent overcome deficiencies existing in the art as of the date of invention, and comprise non-conventional approaches that transform the inventions as claimed into substantially more than mere abstract ideas.

15. The claims of the SPIS Patent are not drawn to laws of nature, natural phenomena, or abstract ideas. The specific combinations of elements, as recited in the claims, was not conventional or routine at the time of the invention.

16. Further, the claims of the SPIS Patent contain inventive concepts which transform the underlying non-abstract aspects of the claims into patent-eligible subject matter.

17. The '365 Patent was examined by Primary United States Patent Examiner Ian Jen. During the examination of the '365 Patent, the United States Patent Examiner searched for prior art in the following US Classifications: G01C 21/00; G08G 1/005; G08G 1/09685; G08G 1/096816; G08G 1/096866; and G08G 1/096883.

18. After conducting a search for prior art during the examination of the '365 Patent, the United States Patent Examiner identified and cited the following as the most relevant prior art references found during the search: US 6,073,075; US 6,202,023; US 6,584,402; US

7,084,872; US 7,523,417; US 2002/0154173; US 2002/0156578; US 2003/0018428; US 2003/0018887; US 2003/0050751; US 2003/0055530; US 2003/0126264; US 2004/0066330; US 2004/0068567; US 2004/0228489; US 2006/0041374; US 2006/0094353; US 2006/0240860; US 2007/0143015; US 2009/0073254; US 2011/0273570; and US 2011/02733579.

19. After giving full proper credit to the prior art and having conducted a thorough search for all relevant art and having fully considered the most relevant art known at the time, the United States Patent Examiner allowed all of the claims of the '365 Patent to issue. In so doing, it is presumed that Examiner Jen used his knowledge of the art when examining the claims. *K/S Himpp v. Hear-Wear Techs., LLC,* 751 F.3d 1362, 1369 (Fed. Cir. 2014). It is further presumed that Examiner Jen had experience in the field of the invention, and that the Examiner properly acted in accordance with a person of ordinary skill. *In re Sang Su Lee*, 277 F.3d 1338, 1345 (Fed. Cir. 2002). In view of the foregoing, the claims of the '365 Patent are novel and non-obvious, including over all non-cited art which is merely cumulative with the referenced and cited prior art. Likewise, the claims of the '365 Patent are novel and non-obvious, including over all non-cited contemporaneous state of the art systems and methods, all of which would have been known to a person of ordinary skill in the art, and which were therefore presumptively also known and considered by Examiner Jen.

20. The '365 Patent is a pioneering patent, and has been cited as relevant prior art in numerous subsequent United States Patent Applications, including Applications assigned to such technology leaders as Qualcomm, Inc., IBM Corporation, Garmin Ltd., Sony Corp., and Apple, Inc.

21. The claims of the '365 Patent were all properly issued, and are valid and

enforceable for the respective terms of their statutory life through expiration, and are enforceable for purposes of seeking damages for past infringement even post-expiration. *See, e.g., Genetics Institute, LLC v. Novartis Vaccines and Diagnostics, Inc.*, 655 F.3d 1291, 1299 (Fed. Cir. 2011) ("[A]n expired patent is not viewed as having 'never existed.' Much to the contrary, a patent does have value beyond its expiration date. For example, an expired patent may form the basis of an action for past damages subject to the six-year limitation under 35 U.S.C. § 286") (internal citations omitted).

22. The nominal expiration date for the claims of the '365 Patent is no earlier than April 28, 2026.

## COUNT I
## (INFRINGEMENT OF UNITED STATES PATENT NO. 9,261,365)

24. Plaintiff refers to and incorporates the allegations in Paragraphs 1 - 23, the same as if set forth herein.

25. This cause of action arises under the patent laws of the United States and, in particular under 35 U.S.C. §§ 271, *et seq*.

26. Defendant has knowledge of its infringement of the '365 Patent, at least as of the service of the present complaint.

27. The '365 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

28. Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claim 1 of the '365 Patent, by manufacturing, using, importing, selling, offering for sale, and/or providing (as identified in the Claim Chart attached hereto as Exhibit B).

29. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, at least claim 1 of the '365 Patent by having its employees internally test and use the Accused Instrumentalities.

30. The service of this Complaint, in conjunction with the attached claim chart (**Exhibit B**) and references cited, constitutes actual knowledge of infringement as alleged here.

31. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products (which include at least the Accused Instrumentalities) that infringe the '365 Patent. On information and belief, Defendant has also continued to sell products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '365 Patent. *See* **Exhibit B** (extensively referencing these materials to demonstrate how they direct end users to commit patent infringement).

32. At least since being served by this Complaint and corresponding claim chart, Defendant has actively, knowingly, and intentionally continued to induce infringement of the '365 Patent, literally or by the doctrine of equivalents, by selling the Accused Instrumentalities to their customers for use in end-user products in a manner that infringes one or more claims of the '365 Patent.

33. Exhibit A includes at least one chart comparing the exemplary claim 1 of the '365 Patent to the Accused Instrumentalities. As set forth in this chart, the Accused Instrumentalities practice the technology claimed by the '365 Patent. Accordingly, the Accused Instrumentalities incorporated in this chart satisfy all elements of exemplary claim 1 of the '365 Patent.

34. Plaintiff therefore incorporates by reference in its allegations herein the claim chart of Exhibit B.

35. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

36. Defendant's actions complained of herein will continue unless Defendant is enjoined by this court.

37. Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

38. Plaintiff is in compliance with 35 U.S.C. § 287.

## DEMAND FOR JURY TRIAL

39. Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks the Court to:

(a) Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

(b) Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receive notice of the order from further infringement of United States Patent No. 9,261,365 (or, in the alternative, awarding Plaintiff running royalties from the time of judgment going forward);

(c) Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

(d) Award Plaintiff pre-judgment and post-judgment interest and costs; and

(e) Award Plaintiff such further relief to which the Court finds Plaintiff entitled under

law or equity.

Dated:  September 19, 2023					Respectfully Submitted,


							*/s/ Randall Garteiser*
							Christopher A. Honea
							   Texas Bar No. 24059967
							   chonea@ghiplaw.com
							Randall Garteiser
							   Texas Bar No. 24038912
							   rgarteiser@ghiplaw.com
							M. Scott Fuller
							   Texas Bar No. 24036607
							   rgarteiser@ghiplaw.com

							**GARTEISER HONEA, PLLC**
							119 W. Ferguson Street
							Tyler, Texas 75702
							Telephone: (903) 705-7420
							Facsimile: (903) 405-3999

							**COUNSEL FOR PLAINTIFF**