IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **SOCIAL POSITIONING INPUT SYSTEMS, LLC**<br>                **Plaintiff,**<br><br>v.<br><br>**VALVE CORPORATION**<br>                **Defendant** | Civil Action No. 2:23-cv-422-JRG-RSP<br><br>JURY TRIAL DEMANDED |

**JOINT (OPPOSED) MOTION FOR ENTRY OF DOCKET CONTROL ORDER**

Plaintiff Social Positioning Input Systems, LLC ("SPIS" or "Plaintiff") and Defendant Valve Corporation ("Valve" or "Defendants") file this Joint Motion for Entry of Docket Control Order. The parties have agreed on all deadlines contained in the attached Docket Control Order except for the deadline for Quantum to amend its venue allegations.

The parties have agreed to seek modification of the deadline for filing the Joint Claim Construction Chart pursuant to P.R. 4-5(d) from December 24, 2024 to December 20, 2024, which requires a showing of good cause for the modification. The parties propose moving this deadline <u>earlier</u> to avoid conflict with the surrounding holidays and moving this deadline earlier provides the Court with more, not less, time with the Joint Claim Construction Chart. No other deadlines are affected by this change. Accordingly, good cause exists for the modification.

**Valve's Position**

Valve additionally seeks modification of certain deadlines that have been designated by the Court as requiring a showing of good cause for the modification. Specifically, good cause exists to change this Court's standard Docket Control Order and require Quantum to seek leave of the Court

1

and show good cause before amending the venue allegations in the complaint filed on March 15, 2024, at Dkt. 23.[1]

Quantum filed its Original Complaint September 18, 2023 (Dkt. 1) and a First Amended Complaint on September 19 (Dkt. 3). Valve moved to dismiss SPIS's First Amended Complaint under Rule 12(b)(3) for improper venue. Dkt. 11. In response to Valve's motion in this case and parallel cases brought by plaintiffs owned by the same individual, Leigh Rothschild, the parties agreed to "conduct limited, expedited venue discovery." Case No. 23-419, Dkt. 24 at 1. The parties also agreed, and this Court ordered, that "Plaintiff's Response, and any subsequent briefing be applied with equal force" to this case. *Id.* at 2; *see also* Dkt. 14 ("[T]he parties hereby stipulate that the venue discovery order in the *Symbology* case (Case No. 23-419, Dkt. No. 24) will be applied to all three cases. The parties further stipulate that the arguments made in Valve's Motion to Dismiss in the first to proceed *Symbology* case (Case No. 23-419, Dkt. No. 11), Plaintiff's Response, and any subsequent briefing be applied with equal force to all three cases."). The Court ordered that Symbology's "response to the Motion to Dismiss shall be filed" by March 11, 2024. Case No. 23-419, Dkt. 24, ¶ 7. Valve agreed to extend this deadline to March 21. Case No. 23-419, Dkt. 48-49.

The purpose of this stipulation was to "promote efficiency and conserve judicial resources" by allowing a single set of briefing in the *Symbology* case to govern all three cases. Dkt. 14 at 2. Plaintiffs, however, created a procedural morass by filing three amended complaints in *Symbology* and an amended complaint in *Quantum*—all containing disparate venue allegations and all requiring different briefing. Not only have Plaintiffs' actions extinguished any efficiency in resolving the threshold issue of whether venue is proper against Valve in this district, Plaintiffs have also used the amended complaints to delay resolution of Valve's motion beyond the date ordered by the Court.

---

[1] If the Court adopts Defendants' proposed Docket Control Order, any subsequently filed amended complaints that change Plaintiff's venue allegations on or after April 15 should be stricken.

Instead of filing a response to Valve's motion to dismiss as this Court ordered (Case No. 23-419, Dkt. 24, ¶ 7), Symbology filed a Third Amended Complaint in *Symbology*, alleging entirely new theories of venue based on public information available before it filed its original complaint. Case No. 23-419, Dkt. 52. Under the Court's Order (Case No. 23-419, Dkt. 24), briefing on Valve's motion to dismiss should have completed April 8, 2024. Instead, briefing restarted on that date. Moreover, SPIS has now indicated that it intends to file yet another amended complaint in this case, mooting all prior briefing and requiring Valve to file yet another renewed motion to dismiss—the eighth across all three cases (and possibly the ninth if Quantum files an amended complaint as it indicated it would).

Importantly, there is no reason for Plaintiffs to continue to amend their complaints to change venue allegations. Plaintiffs can and should have simply raised new arguments and evidence in a response. *Kranos IP Corp. v. Riddell, Inc.,* No. 2:17-CV-443-JRG, 2017 WL 3704762, at *2 (E.D. Tex. Aug. 28, 2017). Specifically, in resolving a motion under Rule 12(b)(3), this Court considers new "affidavits and evidence submitted…by [] plaintiff[s] in response" to Valve's motion to dismiss. *Id.* Thus, Plaintiffs continual amending of the operative complaint can have no other purpose but to delay briefing and thus resolution of Valve's motion to dismiss.

Plaintiffs should not be permitted to further amend their venue allegations in any amended complaints. The parties engaged in over three months of venue discovery, and whether venue against Valve is proper in this District is ripe for briefing and adjudication. Therefore, there is good cause to change this Court's standard Docket Control Order and require SPIS to seek leave of the Court and show good cause before amending the venue allegations in the complaint filed on March 15, 2024, at Dkt. 23.

Plaintiff's position contains numerous false and misleading statements which Valve corrects below.

Plaintiff states incorrectly that Valve did not produce documents until after Symbology's the deadline for Plaintiff to file its response brief to Valve's Motion to Dismiss. Not so. Valve completed the vast majority of its venue-related document production before or on February 16, 2024. Valve produced one agreement on each of February 26, March 4, and March 20 (5 documents total). Symbology's response was due on March 21. Therefore, Symbology had all of the information it needed to file a response on March 21.

Plaintiff's position also contains numerous false and misleading statements regarding a prior agreement (the "Settlement Agreement") between Valve and third parties irrelevant to the current lawsuit. This case involves SPIS who is not a party to the Settlement Agreement, patents not licensed in the Settlement Agreement, and claims that do not arise out of any dispute about the Settlement Agreement. The Court should thus disregard Plaintiff's statements on this issue.

First, Plaintiff alleges that Valve filed a declaratory judgement action against Rothschild and Patent Asset Management ("PAM") in response to an offer to license certain patents. As a preliminary issue, the patents Plaintiff references are unrelated to the Asserted Patents and are not owned by Symbology. Moreover, Plaintiff conspicuously omits that Valve *already had a license to the patents* that Rothschild and PAM offered to license to Valve under the Settlement Agreement. Valve filed suit against Rothschild, PAM, and others for under the Washington Patent Anti-Troll Statute and breach of the Settlement Agreement, in addition to other claims, including declaratory judgment claims.

Second, Plaintiff spends significant time discussing the forum selection clause of Settlement Agreement between Valve and third parties, but the Settlement Agreement does not govern venue in this lawsuit. The forum selection clause[2] only applies to Parties to the Settlement Agreement, which is

---

[2] The forum selection clause is permissive, not mandatory.

defined as Valve, Display Technologies, and Leigh Rothschild—not SPIS (nor Symbology nor QTI). Plaintiff does not assert otherwise in its position. Because SPIS is not a Party to the Settlement Agreement, it cannot enforce the forum selection clause. Further, this lawsuit does not involve any dispute about the Settlement Agreement, and the Asserted Patents are not licensed to Valve in the Settlement Agreement. Plaintiff does not dispute this. *See* Case No. 23-419, Dkt. 52, ¶¶ 21, 58.

Third, Plaintiff attempts to make much out of Valve's statement that it would not waive its licensing defense for this case. Plaintiff, however, is attempting to use the Settlement Agreement as a *sword* to enforce the forum selection clause and as a *shield* from any defense of Valve's that it has a license to the Asserted Patents. Indeed, Plaintiff attempts to manufacture a venue dispute out of an unrelated agreement based on a hypothetical licensing defense that Valve (1) has not asserted and (2) Symbology alleges cannot be asserted. This is improper.

### Plaintiff's Position

Plaintiff has proposed making the Court's ruling in *Symbology Innovations, LLC v. Valve Corporation* binding in all three cases involving Valve Corporation. As background, Patent Asset Management, LLC is the parent company of Quantum Technology Innovations, LLC (QTI or Quantum), Social Positing Input Systems, LLC (SPIS) and Symbology Innovations, LLC.

Valve Corporation was approached to obtain a license on patents and in response it filed a declaratory judgment action on Patent Asset Management, LLC, and its director Leigh Rothschild. In that case, a prior lawsuit involving Display Innovations, LLC, a Patent Asset Management, LLC, subsidiary, settled a case pending in the Eastern District of Texas with Valve Corporation. Now, about eight years later, a patent infringement allegation has emerged where Valve Corporation refuses to waive its licensing defense for these three patents infringement lawsuits presently pending in this District. The prior global license agreement Valve Corporation entered into had a provision that the laws of Texas controlled and that any objection to venue in Texas state or federal court would

5

be waived. Now, just in the last two weeks, Valve Corporation has confirmed that it will not agree to waive a potential licensing defense for its accused products as a result of the prior settlement agreement that involved Display Technologies, LLC, Patent Asset Management subsidiaries, and Leigh Rothschild. As such, now it appears Valve Corporation wants to forum shop away from the forum selection clause it previously entered into with Leigh Rothschild and some of the subsidiaries of Patent Asset Management, LLC, including Display Technologies, LLC.

Of the three pending PAM subsidiary case pending in this district, the first filed case was Symbology Innovations. The parties already agreed to stipulate venue discovery to be taken simultaneously in all three (3) cases. Symbology Innovations has amended several times as allowed under docket control order. Rather than stipulate that the Court's order in the lead case, Symbology Innovations v. Valve Corporation, is controlling on the issue of venue being proper in this District. As such, Plaintiff opposes a material change that the DCO that allows for amendments to the pleadings to reduce motion practice at the pleading stage while parties perfect their respective pleadings. Plaintiff had offered Defendant an extension to file an revised motion to dismiss because Plaintiff was going to amend its complaint, if a stipulation could not be reached, but knowing Plaintiff was going to amend to harmonize the personal jurisdiction portions of the three (3) complaints Defendant Valve Corporation went forward with filings another motion to dismiss knowing that Plaintiff was planning to amend but had not done so yet.

Defendant also does not mention that certain discovery documentation requested by Plaintiff was not produced by Defendant until after the date Defendant claims Plaintiff was supposed to respond to the Motion to Dismiss, causing Plaintiff to believe it must amend to ensure resolution on the merits, not a procedural defect.

Dated: April 15, 2024                              Respectfully submitted,

*/s/ Randall Garteiser*
Christopher A. Honea
Texas Bar No. 24059967
chonea@ghiplaw.com
Randall Garteiser
Texas Bar No. 24038912
rgarteiser@ghiplaw.com
M. Scott Fuller
Texas Bar No. 24036607
rgarteiser@ghiplaw.com

**GARTEISER HONEA, PLLC**
119 W. Ferguson Street
Tyler, Texas 75702
Telephone: (903) 705-7420
Facsimile: (903) 405-3999

*Attorneys for Plaintiff Symbology Innovations, LLC.*


*/s/ Shaun W. Hassett*
Michael E. Jones
SBN: 10929400
Shaun W. Hassett
SBN: 24074372
Potter Minton
102 North College, Ste. 900
Tyler, Texas 75702
903-597-8311 (telephone)
mikejones@potterminton.com
shaunhassett@potterminton.com

Dario A. Machleidt
Kathleen R. Geyer
Christopher P. Damitio
Kilpatrick Townsend & Stockton
1420 Fifth Avenue Suite 3700
Seattle, WA 98101
Telephone: (206) 467-9600
Facsimile: (206) 623-6793
DMachledit@ktslaw.com
KGeyer@ktslaw.com
CDamitio@ktslaw.com

*Attorneys for Defendant Valve Corp.*

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that on April 15, 2024 counsel for Plaintiff and Defendants complied with the meet and confer requirement in Local Rule CV-7(i). This motion is being filed jointly.

>  */s/ Shaun W. Hassett*
> Shaun W. Hassett